455 F.2d 213
 20 Wage & Hour Cas. (BN 448, 67 Lab.Cas. P 32,629
 James D. HODGSON, Secretary of Labor, United States
Department of Labor, Plaintiff-Appellee,
v.
Dorothy Joyce BURNETT, an individual d/b/a King Tile & Paint
Company, and King Tile Company, Inc., Defendants-Appellants.
 No. 31142.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 9, 1972.
 
 Gloria T. Svanas, Svanas & Svanas, Odessa, Tex., for defendants-appellants.
 M. J. Parmenter, Regional Atty., Dept. of Labor, Dallas, Tex., James F. Gruben, Bessie Margolin, Carin Ann Clauss, Leroy M. Jahn, Attys., Dept. of Labor, Washington, D. C., Peter G. Nash, Solicitor of Labor, for plaintiff-appellee.
 Before TUTTLE, THORNBERRY and INGRAHAM, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants Mrs. Burnett, the King Tile & Paint Company (a sole proprietorship owned and operated by her) and their corporate successor, King Tile Company, Inc. (collectively referred to as the employer), here appeal from a judgment entered in a wage and hour case. The Secretary of Labor, acting pursuant to Sec. 17 of the Fair Labor Standards Act (FLSA), 29 U.S.C. Sec. 201 et seq., sought an injunction against further violations of the FLSA's overtime and record keeping provisions. Additionally, the Secretary sought restitution of unpaid overtime compensation due three named employees.
 
 
 2
 The district court on summary judgment found that the employer was engaged in an enterprise covered by the Fair Labor Standards Act. It ordered restitution and enjoined the employer from further violations of the Act. The findings of the court were premised on an initial finding that the employer was engaged, among other activities, in installing ceramic tile, floor covering and countertops in the construction of residential and commercial buildings, and that it employed individuals who worked on goods which had moved in, or been produced for, interstate commerce. The court, therefore, found the employer to be an enterprise engaged in construction or reconstruction and coverage prescribed by Secs. 3(r) and 3(s) (3) of the Act.[1]
 
 
 3
 *****
 
 
 4
 * * *
 
 
 5
 *****
 
 
 6
 * * *
 
 
 7
 *****
 
 
 8
 * * *On appeal the employer attacks the summary judgment in favor of the Secretary on the grounds that there was a factual issue of whether the business was an enterprise engaged in construction, or whether it was a retail or service establishment which did not meet the Act's requirements for coverage.[2]
 
 
 9
 *****
 
 
 10
 * * *
 
 
 11
 The issue of whether an employer is "engaged in the business of construction or reconstruction or both," or whether it is a "retail or service establishment," is initially a question of fact for the district court. While the law applicable to the findings is clear,[3] it cannot be applied without that initial factual determination.
 
 
 12
 It appears from the Secretary's brief that the factual issue was resolved by stipulation to the effect that the employer here was engaged in the construction and reconstruction business. Unfortunately, from the reconstructed record on appeal,[4] we are unable to verify that assertion. If, as appellants assert, a factual issue remained open, a grant of summary judgment was improper, but if, as the Secretary maintains, the parties stipulated to the critical facts, then the judgment should be affirmed. To resolve these conflicting assertions, we remand to the district court for such further proceedings as shall be deemed necessary.
 
 
 13
 In the interest of judicial economy and to avoid the necessity of a further appeal, we hold that if the district court finds the employer has so stipulated, then its judgment shall be affirmed. However, since the order as issued additionally required the employer to make restitution of unpaid wages and overtime in a sum certain (an issue of fact volubly in dispute on appeal), we vacate and remand for an evidentiary determination of the amount, if any, due the employees.
 
 
 14
 Vacated and remanded for further proceedings.
 
 
 
 [1]
 The pertinent statutory provisions are as follows:
 "Sec. 3. As used in this Act-
 "(r) 'Enterprise' means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements, but shall not include the related activities performed for such enterprise by an independent contractor.
 "(s) 'Enterprise engaged in commerce or in the production of goods for commerce' means an enterprise which has employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person, and which-
 "(3) is engaged in the business of construction or reconstruction, or both."
 
 
 [2]
 The pertinent statutory provisions are as follows:
 "Sec. 13. (a) The provisions of sections 6 and 7 shall not apply with respect to-
 "(2) any employee employed by any retail or service establishment * * * if more than 50 per centum of such establishment's annual dollar volume of sales of goods and services is made within the State in which the establishment is located, and such establishment is not in an enterprise described in section 3(s) or such establishment has an annual dollar volume of sales which is less than $250,000 (exclusive of excise taxes at the retail level which are separately stated). A 'retail or service establishment' shall mean an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry.
 "Sec. 17. The district courts, * * shall have jurisdiction, for cause shown, to restrain violations of section 15, including in the case of violations of section 15(a) (2) the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this Act * * *."
 
 
 [3]
 "The legal question before us is whether Hartin is 'engaged in the business of contruction or reconstruction, or both' or whether it is a 'retail or service establishment.' If the former, Fair Labor Standards Act coverage existed; if the latter, the activities were exempt from the Act." Schultz v. W. R. Hartin & Son, Inc., 428 F.2d 186, 189 (4th Cir., 1970)
 
 
 [4]
 Due to a fire in the Clerk's office for the United States Court of Appeals for the Fifth Circuit on January 21, 1971, the original record on appeal was destroyed. A reconstructed record was submitted pursuant to a court order. That record, however, does not reflect whether such a stipulation was entered